[Cite as *Pahoundis v. Rodgers*, 2011-Ohio-2860.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GEORGE D. PAHOUNDIS SR. ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellees | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 11-CA-3 |
| CYNTHIA RODGERS ET AL. | |
|     Defendant-Appellants | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Coshocton County Common Pleas Court, Case No. 08-CI-0137 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | June 3, 2011 |
| APPEARANCES: | |

| For Plaintiff-Appellees | For Defendant-Appellants |
|---|---|
| GEORGE D. PAHOUNDIS SR.<br>c/o JAMES R. SKELTON<br>309 Main Street<br>Coshocton, Ohio 43812 | CYNTHIA M. RODGERS, PRO SE<br>Admin. of Estate of John D. Pahoundis<br>605 Cass Street<br>Dresden, Ohio 43821 |
| JAMES R. SKELTON<br>309 Main Street<br>Coshocton, Ohio 43812 | CYNTHIA M. RODGERS, INDIVIDUALLY<br>Cynthia M. Rodgers,<br>heir of Betty Lou Pahoundis |
| POMERENE, BURNS & SKELTON<br>309 North Main Street<br>Coshocton, Ohio 43812 | Cynthia M. Rodgers,<br>heir of John Daniel Pahoundis Sr.<br>605 Cass Street<br>Dresden, Ohio 43821 |
| JOHN DOE(S)<br>John Doe ABC Inc. | |

*Hoffman, P.J.*

{¶1} Defendant-appellant Cynthia M. Rodgers, as Administrator of the Estate of John Daniel Pahoundis, and individually, appeals the January 27, 2011 Judgment Entry entered by the Coshocton County Court of Common Pleas, which granted plaintiff-appellee George D. Pahoundis' motion to dismiss her counterclaim.

STATEMENT OF THE CASE[1]

{¶2} On February 21, 2008, Appellee filed a Complaint in the Coshocton County Court of Common Pleas, naming Appellant, as Administrator of the Estate of John Daniel Pahoundis, and also Appellant, individually, as the defendants. Appellant filed an answer and counterclaim, which included a third-party complaint.[2] The third-party complaint added Attorney James R. Skelton, individually and as partner of Pomerene, Burns and Skelton; Pomerene, Burns and Skelton; John Doe(s); and John Doe ABC, Inc. as third-party defendants.

{¶3} Appellee filed an answer to the counterclaim, raising the affirmative defense of res judicata. Appellee also filed a motion to dismiss, alleging the issues and averments asserted in the counterclaim had been previously litigated. Via Judgment Entry filed January 27, 2011, the trial court granted Appellee's motion and dismissed Appellant's counterclaim against Appellee, as well as the claims against Attorney Skelton and Pomerene, Burns and Skelton. The trial court scheduled a hearing on Apellee's claims for June 3, 2011. The judgment entry did not include Civ. R. 54(B) language.

---

[1] A Statement of the Facts is not necessary to our disposition of this appeal.
[2] The claims alleged in Appellant's third-party complaint were intertwined within the counterclaim, and were not set forth in a separate pleading nor captioned as such.

{¶4} On February 7, 2011, Appellant filed an untitled motion in the trial court requesting "the Chief Justice appoint an impartial democrat judge." The trial court struck the motion via Judgment Entry filed February 15, 2011, finding it had no jurisdiction over the matter.

{¶5} It is from the January 27, 2011 Judgment Entry Appellant appeals, raising as error:

{¶6} "I. COSHOCTON COUNTY COMMON PLEAS JUDGE BATCHELOR DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN HE DISMISSED APPELLANTS' MARCH 20, 2008 COUNTERCLAIM WITHOUT GOOD CAUSE AND WHEN HE FAILED TO RECUSE HIMSELF AND WHEN HE FAILED TO INCLUDE ALL COUNTERCLAIMANTS AND ALL DEFENDANTS IN THE DECISION FILED JANUARY 27, 2011. THE COUNTERCLAIM CLEARLY NAMES SEVERAL COUNTERCLAIMANTS AND DEFENDANTS.

{¶7} "II. COSHOCTON COUNTY COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT PLAINTIFF PAHOUNDIS (HEREINAFTER 'PAHOUNDIS') HAD NOT PROVEN HE OWNED 100% OF THE REAL PROPERTY IN THE UNDERLYING CASE AND OMITTED NECESSARY PARTIES, AS NEITHER THE 2004 ESTATE COMPLAINT OF THE 2004 PAHOUNDIS COUNTERCLAIM WAS A 'QUIET TITLE' ACTION AS THE ESTATE OF ELIJAH GEORGE PAHOUNDIS HAD NOT BEEN REOPENED AND THE ESTATE OF BETTY LOU LANE PAHOUNDIS AND RODGERS AS AN INDIVIDUAL HAD NOT BEEN MADE PARTIES TO THE UNDERLYING CASE THAT LATER BECAME KNOWN AS 05CI375 WHEN GEORGE FILED HIS ANSWER TO THE 2004 ESTATE COMPLAINT

OR BEFORE THE ESTATE COMPLAINT WAS DISMISSED BY JUDGE EVANS IN 2007.

{¶8} "III. COSHOCTON COUNTY COMMON PLEAS COURT ERRED BECAUSE IT DID NOT HAVE JURISDICTION.   THE COURT SHOULD HAVE SCREENED THE 2008 PAHOUNDIS COMPLAINT AND TRANSFERRED IT TO COSHOCTON COUNTY PROBATE COURT BECAUSE IT DEALT WITH A COMPLAINT CONCERNING A CASE THAT PAHOUNDIS CLAIMED HAD BEEN FRIVOLOUSLY FILED IN PROBATE COURT IN 2004 THIS 2008 COUNTERCLAIM OF RODGERS ET AL WOULD THEN HAVE BEEN IN THE COSHOCTON COUNTY PROBATE COURT WITH THE 2008 PAHOUNDIS COMPLAINT.

{¶9} "IV.   COSHOCTON COUNTY COMMON PLEAS COURT ERRED BECAUSE IT DID NOT HAVE JURISDICTION OF THE 2008 COUNTERCLAIM DUE TO THE REQUEST FOR DAMAGES UNDER THE RICO ACT UNDER SECTION 901(a) OF THE ORGANIZED CRIME CONTROL ACT OF 1970 (PUB.L. 91-452, 84 STAT. 922, ENACTED 1970-10-15) AS CODIFIED IN CHAPTER 96 OF TITLE 18 OF THE UNITED STATES CODE, U.S.C. § 1961-1968.

{¶10} "V. THE COSHOCTON COUNTY COURT ERRED IN THAT ITS DECISION IS TOO BROAD AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE PLAINTIFF ONLY ANSWERED THE ESTATE OF JOHN'S COUNTERCLAIM AND NEVER ANSWERED THE COUNTERCLAIM OF RODGERS AS AN INDIVIDUAL OR AS AN HEIR OF HER MOTHER'S ESTATE OR RODGERS AS HEIR OF HER FATHER'S ESTATE AND DID NOT FILE A MOTION TO DISMISS THOSE PARTIES THEREFORE THE JUDGMENT ENTRY IS TOO BROAD.

{¶11} "VI. THE COSHOCTON COUNTY ERRED IN THAT ITS DECISION DOES NOT ADDRESS ALL OF THE ISSUES IN THE MAR. 20, 2008 COUNTERCLAIM OF RODGERS ET AL. (THIS INCLUDES A REQUEST TO FIND PAHOUNDIS WAS A VEXATIOUS LITIGATOR AND BREACH OF WRITTEN CONTRACT. RODGERS DID NOT NEED TO BE A PARTY TO THE 2004 COMMON PLEAS ILLEGAL EVICTION ATTEMPT CASE OR THE 2004 APPELLATE CASE OR THE 2005 COMMON PLEAS ILLEGAL EVICTION ATTEMPT CASES IN ORDER FOR COSHOCTON COUNTY COURT TO FIND THAT THOSE THREE CASES PLUS THE COMPLAINT THAT PAHOUNDIS FILED IN 2008 AS 08 CI 137 AGAINST RODGERS IN HER DUAL CAPACITY AS AN INDIVIDUAL AND AS THE ADMINISTRATOR OF HER FATHER'S ESTATE WERE FILED ONLY TO HARASS RODGERS AND THE ESTATE OF JOHN AND THE HEIRS OF BETTY IN ORDER TO DELAY THIRD PARTIES FROM DISCOVERING THAT THE HEIRS OF BETTY HAVE POSSESSED THE REAL ESTATE SINCE 1970 SO THAT PAHOUNDIS COULD PRETEND TO OWN 100% OF IT. THE CASES WERE ALSO TO DELAY RODGERS AND THE OTHERS FROM FINDING OUT THAT PAHOUNDIS HAD ALSO INTERFERED HER GRANDFATHER'S ESTATE BY ACCEPTING A DEED THAT WAS FRAUDULENT AS IF HE WERE THE ONLY SON OF ELIJAH PAHOUNDIS AND AS IF HE WERE ENTITLED TO USE THE GAS/OIL/TIMBER PROFITS FROM THAT HOLMES COUNTY REAL ESTATE TO HIRE ATTORNEYS WHICH INCLUDE JIMMY SKELTON IN ORDER TO TRY TO TAKE OVER THE REAL ESTATE CLAIMED BY BETTY LOU PAHOUNDIS SINCE 1970 BY FILING AN ILLEGAL EVICTION CASE AGAINST HER HEIRS KNOWING THAT MOORE WAS A FRAUDULENT

GRANTOR/LEASOR/LEASEE. THE JUDGE WRONGLY DETERMINED THAT RES JUDICATA APPLIED TO THE CASE AND THE BREACH OF THE WRITTEN CONTRACT AND SHOULD HAVE RECUSED HIMSELF DUE TO HIS INVOLVEMENT IN 2:07CV067."

{¶12} This case comes to us on the accelerated calendar. App. R. 11. 1, which governs accelerated calendar cases, provides in pertinent part:

{¶13} "(E) Determination and judgment on appeal.

{¶14} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶15} "The decision may be by judgment entry in which case it will not be published in any form."

{¶16} This appeal shall be considered in accordance with the aforementioned rule.

{¶17} As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; *Whitaker-Merrell v. Carl M. Geupel Const. Co.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 280 N.E.2d 922.

**{¶18}** An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article IV, Ohio Constitution; see also R.C. § 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP-998, 2009-Ohio-5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co.,* supra at 20, 540 N.E.2d 266.

**{¶19}** To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. § 2505.02(B) provides the following in pertinent part:

**{¶20}** "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶21}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶22}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02.

**{¶23}** Civ.R. 54(B) provides:

**{¶24}** "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the

claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ.R. 54.

**{¶25}** Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. § 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties; as is the case here, the order must also satisfy Civ .R. 54(B) by including express language that "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St.3d 335, 879 N.E.2d 187, 2007-Ohio-6439, ¶ 7, citing *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 776 N.E.2d 101, 2002-Ohio-5315, ¶ 5-7.

**{¶26}** As noted in the Statement of the Case, supra, the trial court dismissed Appellant's counterclaim against Appellee, Attorney Skelton, and Pomerene, Burns and Skelton via Judgment Entry filed January 27, 2011. The January 27, 2011 Judgment Entry did not include Civ.R. 54(B) language; therefore, there is no final appealable order as Appellant's claims against John Doe(s) and John Doe ABC, Inc., remain pending. Accordingly, this Court does not have jurisdiction to entertain Appellant's appeal.

{¶27} This appeal is dismissed for lack of jurisdiction.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| GEORGE D. PAHOUNDIS SR. ET AL. | : | |
| | : | |
| Plaintiff-Appellees | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CYNTHIA RODGERS ET AL. | : | |
| | : | |
| Defendant-Appellants | : | Case No. 11-CA-3 |


For the reason stated in our accompanying Opinion, this appeal is dismissed for

lack of jurisdiction.  Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY